T.C. Summary Opinion 2009-9

UNITED STATES TAX COURT

PATRICIA A. AND JERRY FRAZIER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15737-05S.          Filed January 12, 2009.

Patricia A. and Jerry Frazier, pro se.

John P. Bampfield and Nancy W. Hale, for respondent.

WELLS, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

other court, and this opinion should not be treated as precedent for any other case.

Respondent determined a deficiency of $12,164 in petitioners' Federal income tax for 2002. The issues we must decide are: (1) Whether petitioners are entitled to deductions claimed on Schedule A, Itemized Deductions, in excess of $41,213; (2) whether the petitioners are entitled to deductions claimed on Schedule C, Profit or Loss From Business; and (3) whether a Notice CP21A respondent sent to petitioners notifying them that an error in their account had been corrected and that due to the change they now owed $24.98 estops respondent from assessing any additional tax for taxable year 2002.

## Background

At the time they filed their petition, petitioners resided in Tennessee.

Some of the facts and certain exhibits have been stipulated. We incorporate the parties' stipulations of fact in this Summary Opinion, and the parties' stipulations of fact are found accordingly.

Petitioners filed a Federal income tax return for taxable year 2002. Respondent mailed to petitioners a statutory notice of deficiency for the 2002 tax year on July 15, 2005.

Petitioner Jerry Frazier (Mr. Frazier) is an employee working in maintenance, and petitioner Patricia A. Frazier (Ms.

Frazier) is a customer service representative for Federal Express Corp. Mr. Frazier also is in the lawn mowing business and filed a Schedule C for that business.

Petitioners claimed Schedule A deductions of $66,986. Of that amount, respondent disallowed the following expenses because of lack of substantiation:

| Expense | Amount |
|---|---|
| Medical and dental | $7,700 |
| (After 7.5-percent limitation) | 5,931 |
| Cash charitable contributions | 9,115 |
| Noncash charitable contributions | 280 |
| Other | |
| Unreimbursed employee business expenses | |
| Mr. Frazier | 7,086 |
| Ms. Frazier | 7,800 |
| Total | 14,886 |
| Tax preparation fees | 225 |
| Uniforms | 1,080 |
| Total other | 16,191 |
| (After 2-percent limitation) | 14,609 |

The unreimbursed employee business expenses for Mr. Frazier consist of mileage of $5,256 and business expenses of $1,830. The unreimbursed employee business expenses for Ms. Frazier consist of mileage of $6,900 and business expenses of $900.

Petitioners did not offer any credible substantiation for the Schedule A deductions respondent disallowed.

On petitioners' Schedule C for the lawn mowing business, petitioners claimed deductions for bad debts, utilities, taxes

and licenses, supplies, rent, advertising, and car and truck expenses.

On Schedule C for 2002, petitioners claimed the following expenses for which respondent disallowed a deduction:

| Expense | Amount |
| --- | --- |
| Bad debts from sales or services | $390 |
| Utilities | 1,601 |
| Taxes & licenses | 80 |
| Supplies | 479 |
| Rent/lease other business property | 12,500 |
| Rent/lease vehicles/machinery/equipment | 3,375 |
| Advertising | 910 |
| Car and truck expenses | 7,500 |

Petitioners did not offer any credible substantiation for the foregoing Schedule C expenses.

## Discussion

The deficiency determined by respondent in the notice of deficiency is presumed correct, and petitioners have the burden of proving the notice of deficiency is in error. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111 (1993).[2]

I. Schedule A Deductions

A. Medical and Dental Expenses

Section 213 permits a deduction for medical and dental expenses to the extent the expenses exceed 7.5 percent of

---

[2]Petitioners do not claim the benefit of sec. 7491. Moreover, sec. 7491(a) does not shift the burden of proof to respondent because petitioners failed to maintain records or comply with substantiation requirements as required by sec. 7491(a)(2)(A) and (B).

adjusted gross income.  Petitioners did not substantiate by credible evidence the amounts claimed for medical and dental expenses on their tax return.

     B.  <u>Charitable Contributions</u>

     Section 170 permits a deduction for any charitable contribution as defined in section 170(c) if the contribution is verified as prescribed in the regulations under section 1.170A-13, Income Tax Regs.  For each charitable contribution of money, taxpayers are required to keep a canceled check, a receipt from the donee, or some other reliable written record.  Sec. 1.170A-13(a), Income Tax Regs.  For nonmonetary contributions, taxpayers are required to keep a receipt showing the name of the donee, the date and location of the contribution, and a description of the property contributed.  Sec. 1.170A-13(a), Income Tax Regs.  Petitioners did not substantiate by credible evidence the amounts claimed for charitable contributions on their tax return.

     C.  <u>Unreimbursed Employee Business Expenses</u>

     Section 162 permits a deduction for ordinary and necessary business expenses.  To the extent the expenses are related to a vehicle or meals and entertainment, petitioners must meet the substantiation requirements of section 274.

     The expenses petitioners claimed are primarily related to a claimed business use of their vehicles.  Section 274(d)

requires that expenses related to listed property, which includes passenger automobiles used for transportation, be substantiated by providing an adequate record of the following elements of the expense: (1) The amount of the expense; (2) the time of the expense; (3) the business or investment purpose; and (4) the business or investment use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Under section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985), an adequate record requires that the taxpayer maintain a logbook and documentary evidence such as receipts, paid bills, or similar evidence that in combination are sufficient to establish each element of the expense. Petitioners have not substantiated the claimed unreimbursed employee business expenses in accordance with sections 162 and 274.

D. Tax Preparation Fees

Section 212 permits a deduction for costs incurred in the preparation of a tax return. Petitioners have not substantiated that they paid for the preparation of their tax return.

E. Work Attire/Uniforms

Section 162 permits a deduction for work clothes or uniforms required as a condition of employment when the clothing is not suitable for general or personal wear and is not worn for general or personal purposes. Yeomans v. Commissioner, 30 T.C. 757, 767-

769 (1958). Petitioners have not established that the requirements for deductibility have been met.

## II. Schedule C Deductions

### A. Bad Debts From Sales or Services

In the case of a noncorporate taxpayer, section 166 permits a deduction for a business debt that becomes worthless during the taxable year. Sec. 166(a), (d)(1)(A). To qualify for a deduction under section 166, the taxpayer must establish that the debt was included in the taxpayer's income. Sec. 1.166-1(e), Income Tax Regs. Additionally, the taxpayer must prove that the debt is worthless. Sec. 166(a). Petitioners have failed to establish that the amounts claimed as bad debts were reported as income in taxable year 2002 or a prior taxable year. Moreover, petitioners have not established that the amounts claimed as bad debts were worthless.

### B. Utilities/Taxes & Licenses/Supplies/Rent/Advertising

Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. To qualify as a deduction, the expense must not be capital. Sec. 263(a). Section 6001 requires taxpayers to maintain adequate books of account or records that are sufficient to establish the amount of gross income, deductions, or other matters required to be shown by such persons

on their tax return.  The taxpayer has the burden of proving that the amounts claimed as deductions satisfy the requirements of sections 162 and 212 or are otherwise allowable as a deduction. Rule 142; Welch v. Helvering, 290 U.S. 111 (1993).

Petitioners offered into evidence a copy of an invoice from National Pen Corp. for the purchase of pens.  The invoice is addressed to Jerry T. Frazier, Frazier & Frazier Lawn Service, is dated April 18, 2002, and reflects a balance due of $121.16. Petitioners did not offer into evidence any credible proof of payment or of the business purpose of the purchase.

Petitioners offered into evidence a copy of an invoice stating that an order was placed for a storage building to be built at their residence.  The invoice is dated March 19, 2002, and reflects that the total cost is $5,520.  The invoice states that the total cost is due upon completion of the work. Petitioners did not provide proof of payment and did not establish the business purpose of the claimed storage building.

Petitioners also provided a copy of an invoice for the purchase of pens.  Petitioners did not establish proof of payment or the business purpose of the purchase.

C. Utilities

With respect to utilities, petitioners provided a summary of their water bill for 2002 and a summary of their monthly electricity charges for the City of Munford.  Petitioners claim

that the utility shed used the same amount of electricity and water as their residence and that the claimed deduction for utilities reflects the business portion of the utility expenses. Petitioners did not establish the business purpose of the shed, when the shed was built, or the business portion of the utilities.

    D.   <u>Car and Truck Expenses</u>

Under section 162, automobile expenses are deductible if the automobile is used in connection with a trade or business or in connection with an income-producing activity. Sec. 1.162-2(f), Income Tax Regs. Additionally, section 274(d) requires that expenses related to listed property, which includes passenger automobiles used for transportation, must be substantiated by providing an adequate record of the items set forth pursuant to section 1.274-5T(b)(6), Temporary Income Tax Regs., <u>supra</u>. Section 1.274-5T(c)(2), Temporary Income Tax Regs., <u>supra</u>, requires an adequate record, which means that the taxpayer must maintain a logbook and documentary evidence such as receipts, paid bills, or similar evidence that in combination establish each element of the expense. Petitioners did not offer any credible evidence substantiating their car and truck expenses.

In sum, petitioners have failed to prove that they are entitled to any deductions beyond the amounts respondent allowed in the notice of deficiency.

III.   Notice CP21A

The Court set the instant case to be called for trial on May 21, 2007, in Memphis, Tennessee.  According to respondent, on Monday, May 14, 2007, petitioners signed a decision document prepared by respondent conceding a $12,164 income tax liability, the amount of the determined deficiency for tax year 2002, and respondent signed the decision on May 17, 2007.

At the calendar call respondent's counsel stated that because of the proximity to the date of the trial respondent brought the decision to the calendar call for filing.  However, during the calendar call respondent discovered a typographical error in the decision document, which incorrectly showed the tax year as 2003 rather than 2002.  During the calendar call petitioners appeared and stated that they did not wish to be bound by the decision they signed because they claimed respondent had conceded all issues in the Tax Court proceeding by sending Notice CP21A, which they received on the preceding Friday or Saturday.

Apparently, this was the first time petitioners raised the concession issue with respondent.  Notice CP21A informed petitioners that respondent "changed * * * [their] account" for tax year 2002 by crediting petitioners $12,164 plus interest, which was the amount of the deficiency in issue.  Notice CP21A was admitted into evidence.  The transcript of petitioners'

account shows an "Additional Tax Assessed by Examination" on petitioners' 2002 tax year account of $12,164, made on November 21, 2005, which is after the date petitioners filed their petition with this Court for the same year. That assessment was based on the deficiency respondent determined in the July 15, 2005, notice of deficiency for the taxable year 2002. The assessment was made during a time in which it was prohibited under section 6213(a). On May 21, 2007, petitioners were credited $12,164 described as "Prior Tax Abated". The purpose of that action was to reverse the unlawful assessment made on November 21, 2005.

The record establishes that an improper assessment of $12,164 was made on the petitioner's 2002 tax year account after they filed their petition with this Court seeking a redetermination of a deficiency for tax year 2002 in the same amount. Within a few days of petitioners' receipt of Notice CP21A, an abatement of prior tax of $12,164 was credited against petitioners' account for taxable year 2002 in order to remedy respondent's erroneous premature assessment of the same amount.

Accordingly, we hold that Notice CP21A does not prevent respondent from assessing the tax in issue. Consequently, we uphold respondent's determination in the notice of deficiency.

To reflect the foregoing,

Decision will be entered for

respondent.